THE STATE, MARGARET WIRTH ET AL., PROSECUTORS, v.
THE MAYOR, &c., OF JERSEY CITY.

1. The petition for the opening of a street, under section 41 of the Jersey
   City charter, must show clearly and definitely the location of the lines
   of the proposed opening.
2. The words "back from the line of improvement," in section 41, are
   equivalent to "off" or "away from" the line of the improvement.

On *certiorari* in the matter of opening of Baldwin avenue.

Argued at June Term, 1893, before Justices VAN SYCKEL
and REED.

For the plaintiff, *Gilbert Collins.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The charter requires that the petition
for the improvement shall be in writing, setting forth, accu-
rately, the improvement desired.

The petition asks to have Baldwin avenue opened fifty feet
in width from the then terminus at Academy street to the
northerly line of Church street.   Baldwin avenue was sixty
feet wide on either side of the points named in the petition,
and therefore there is nothing in the petition or map to fix
the precise location of the fifty feet in width to which it was
to be opened under the proceedings certified.

The landowners were entitled to be informed of the exact
location of the lines of the proposed opening.

For this defect in the petition and map, the proceedings
must be set aside.   There is not an accurate description, as
required by section 41 of the city charter.   *Pamph. L.* 1871,
*p.* 1113.

The second objection to the proceedings is that the com-

missioners, instead of awarding the relator the value of the whole building on lot 20, made their award on the basis of requiring the relator to move her building on the adjoining lots owned by her.

Section 41 of the city charter authorizes the commissioners, "where the line of such improvement would bisect any building, to require the owner or owners thereof to move it back from the line of improvement in case the owner or owners thereof have land enough left for that purpose." A like provision was held to be constitutional in *State, Mangles, pros.,* v. *Chosen Freeholders,* 26 *Vroom* 88.

The relator owns three adjacent lots, fronting on the same street and of equal depth, numbered 18, 19 and 20.

On lot 20 there is a dwelling-house, the other lots being unimproved. The proposed opening runs over a portion of lot 19 and a portion of lot 20, bisecting the house on lot 20. The portion of lot 20 not taken by the opening is of insufficient width to move the house upon.

The commissioners of assessment assumed that they had the right to require the owner of the house to move it over the street, to and upon lots 18 and 19, and they made their assessment in that view. The prosecutor insists that the words "back from the line of the improvement" mean to that part of lot 20 not taken by the street, and, inasmuch as that part is not large enough to place the house upon, the right to require the house to be moved is not conferred by the statute. The object of this provision in the charter is to protect the city from unnecessary loss, while it gives ample compensation to the landowner for the injury and loss he may sustain.

The interpretation of this legislation should be liberal, to effectuate this purpose, and not narrow, to defeat it, the property being required for public uses as a street. In almost every conceivable case, the building must be comparatively valueless to the city, while the owner can utilize it by moving it upon adjacent lands which he may own.

The city being liable to pay the expense of moving and

erecting the building on the new location, and also all other loss which may fall on the owner by the change, his rights are amply guarded.

Giving the language of the act the narrow meaning attributed to it by the prosecutor, it would be strictly in accordance with the statute to hold that the building could be moved on lots 18 and 19 if they were on the same side of the street to be opened, as the part of lot No. 20 not taken. The owner would have land enough left for that purpose, and the building would be moved back from the line of the improvement. The fact that the other land may be laid out in lots is not made by the act a limitation upon the right to move the house upon it. The case of the plaintiff, therefore, must rest exclusively upon the restricted effect given by him to the words " back from."

These words, in the statute, are equivalent to " off " or " away from " the line of the improvement, so that the protection of the act can be invoked by the city whenever the landowner has adjacent lands, not built upon, of sufficient area to move the building upon.

The language adopted by the lawmaker will reasonably bear this construction, and it is favored by the fact that we should presume that the legislature intended to make the relief commensurate with the mischief to be remedied.